IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | CIVIL NO. 13-00220 LEK-RLP |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CARMELITA ALCANTARA |
| vs. ) | |
| ANACLETO S. ALCANTARA, JR., ) and CARMELITA ALCANTARA d/b/a ) FILIPINO EXPRESS RESTAURANT, ) | |
| Defendants. ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT AGAINST CARMELITA ALCANTARA[1]

Plaintiff J & J Sports Productions, Inc. filed a Motion for Default Judgment on May 10, 2013 ("Motion") seeking default judgment against Defendant Carmelita Alcantara. ECF No. 33. The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. ECF No. 34. After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

Plaintiff filed its Complaint on May 6, 2013, and its First Amended Complaint on September 9, 2013. ECF Nos. 1, 7. Plaintiff asserts claims under the Communications Act of 1934, 47 U.S.C. § 605, et seq., ("the Communications Act") and the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, et seq. ("the Cable Act"). ECF No. 7 ¶ 1. Plaintiff alleges that it was the exclusive nationwide television distributor of the May 7, 2011 Manny Pacquiao v. Shane Mosley World Boxing Organization Welterweight Championship Fight Program ("the Program"). Id. ¶ 8. Plaintiff alleges that Defendant Carmelita Alcantara and her son, Anacleto Alcantara[2], violated Plaintiff's rights by exhibiting the Program at the Filipino Express Restaurant without Plaintiff's agreement or consent. Id. ¶ 11. Plaintiff alleges that Defendant Carmelita Alcantara and her son "are or were owners, and/or operators, and/or licensees, and/or permitees, and/or persons in charge, and/or individuals with dominion, control, oversight and management" of the Filipino Express Restaurant. Id. ¶ 6.

---

[2] The Court granted summary judgment in favor of Anacleto Alcantara on April 25, 2014. See Order Granting Defendant Anacleto S. Alcantara Jr.'s Motion for Summary Judgment ("Summary Judgment Order"), ECF No. 31.

Defendant Carmelita Alcantara was served on October 15, 2013, see ECF No. 15, but has not entered an appearance in this action.  Plaintiff obtained an Entry of Default against Defendant Carmelita Alcantara on March 12, 2014.  ECF No. 27.

Plaintiff asserts three claims in its First Amended Complaint:  violation of the Cable Act; violation of the Communications Act; and a state law conversion claim.  ECF No. 7.  The Court dismissed Plaintiff's state law conversion claim in its Summary Judgment Order.  ECF No. 31 at 10.  Additionally, the Court held that Plaintiff cannot ultimately recover under both the Cable Act and the Communications Act and directed Plaintiff to specify whether it seeks damages against Defendant Carmelita Alcantara under the Cable Act or the Communications Act.  Id. at 7, 20.  In the present Motion, Plaintiff states that it seeks the maximum statutory damages of $10,000 and enhanced damages of $100,000 against Defendant Carmelita Alcantara under the Communications Act.  ECF No. 33-1 at 15-24.  Plaintiff also seeks an award of attorneys' fees and costs.  Id. at 24.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v.

Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff;
> 
> (2) the merits of plaintiff's substantive claim;
> 
> (3) the sufficiency of the complaint;
> 
> (4) the sum of money at stake in the action;
> 
> (5) the possibility of a dispute concerning material facts;
> 
> (6) whether the default was due to excusable neglect; and
> 
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must

establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

**A.  Jurisdiction**

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant Carmelita Alcantara. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

First, the Court has subject matter jurisdiction over Plaintiff's claim under the Communications Act. See 47 U.S.C. § 605(e)(3)(A). Second, the Court has personal jurisdiction over Defendant Carmelita Alcantara because she was personally served with the Summons and Complaint on October 15, 2013. Decl. of Dan S. Ikehara submitted in support of the Motion for Entry of Default, ECF No. 25-1, ¶ 4; Fed. R. Civ. P. 4(e)(2)(A). The Court finds that it has both subject matter and personal

jurisdiction.

**B. Eitel Factors**

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the Eitel factors outlined above.

**1. The Possibility of Prejudice to Plaintiff**

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

**2. Merits of Plaintiff's Substantive Claims**

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906. Because Plaintiff only seeks recovery against Defendant Carmelita Alcantara under the Communications Act, see ECF No. 33-1 at 15, the Court will only examine the merits of Plaintiff's Communications Act claim. Plaintiff alleges that it owned the exclusive television distribution rights to the Program, which is sufficient to establish its right to sue as "any person aggrieved" under 47 U.S.C. § 605(d)(6). See 47 U.S.C. § 605(e)(3)(A). Plaintiff also alleges that Defendant

6

Carmelita Alcantara willfully published, divulged, and exhibited the Program at the Filipino Express Restaurant without authorization and for purposes of direct or indirect commercial advantage or private financial gain. ECF No. 7 ¶ 11. This allegation is sufficient to establish a prohibited practice under 47 U.S.C. § 605(a). Finally, Plaintiff alleges that Defendant Carmelita Alcantara was the owner, operator, and or individual with dominion, control, oversight, and management of the Filipino Express Restaurant. ECF No. 7 ¶ 6. This allegation is sufficient to "demonstrate that [the defendant] authorized the violation or had both a right and ability to supervise the violations and a strong financial interest in such activities." See J & J Sports Prods., Inc. v. La Reyna Mexican Rest. & Mariscos LLC, No. 2:12-CV-1528 JCM (PAL), 2013 WL 4006500, at *4 (D. Nev. Aug. 5, 2013) (citing Joe Hand Promotions, Inc. v. Soviero, 11 CV 1215 NGG, 2012 WL 3779224, at *9 (E.D.N.Y. July 31, 2012) *report and recommendation adopted*, 11-CV-1215 NGG CLP, 2012 WL 3779221 (E.D.N.Y. Aug. 30, 2012)). The Court finds that Plaintiff's allegations, taken as true, are sufficient to establish that Plaintiff is entitled to judgment against Defendant Carmelita Alcantara under 47 U.S.C. § 605. Accordingly, this factor weighs in favor of default judgment.

    **3. Sufficiency of the Complaint**

    The allegations in the First Amended Complaint are

sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the First Amended Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks the maximum statutory amount in damages, plus attorney's fees and costs. ECF No. 33-1 at 15-24. Plaintiff's damages request is tailored to Defendant Carmelita Alcantara's specific wrongful conduct. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant Carmelita Alcantara has been given a fair amount of time to answer the First Amended Complaint and deny that she violated the Communications Act; she has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, the Court finds that this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant Carmelita Alcantara's

default was not the result of excusable neglect. Plaintiff served Defendant Carmelita Alcantara on October 15, 2013. ECF No. 7. She did not file a response to Plaintiff's First Amended Complaint. Despite ample notice of this lawsuit, Defendant Carmelita Alcantara has not appeared in this matter to date. The record suggests that her default was not the result of any excusable neglect, but rather due to her conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant Carmelita Alcantara's failure to answer Plaintiff's First Amended Complaint makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant Carmelita Alcantara has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant Carmelita Alcantara.

### C. Remedies

In its Motion, Plaintiff requests statutory damages, enhanced damages, and attorneys' fees and costs. Plaintiff requests the maximum damages permissible under statute. ECF No. 33-1 at 24.

### 1. Statutory Damages

Section 605(e)(3)(C)(i)(II) authorizes statutory damages "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(C)(i)(II). Here, Plaintiff has adequately pled a claim for violation of the Communications Act and is therefore entitled to statutory damages. See 47 U.S.C. § 605(e)(C)(i)(II). "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." Joe Hand Promotions v. Kim Thuy Ho, No. 09-01435, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18, 2009) (internal quotation marks and citations omitted). Plaintiff submitted evidence that the sublicense fee for the Program at a commercial establishment similar to the Filipino Express Restaurant would have been $4,200. Decl. of Joseph Gagliardi, President of J & J Sports

10

Productions, Inc., ECF No. 33-2, ¶ 8. Based on the evidence submitted by Plaintiff, the Court RECOMMENDS that Plaintiff be awarded $4,200 in statutory damages.

### 2. Enhanced Damages

Section 605(e)(3)(C)(ii) states that the court in its discretion can increase the award of damages up to $100,000 if the court finds the violation was willfully committed for commercial advantage or private financial gain. 47 U.S.C. § 605(e)(C)(ii). In support of its request for enhanced damages, Plaintiff alleges that Defendant Carmelita Alcantara's violation was committed wilfully. ECF No. 7 ¶ 11. Plaintiff's President states that its programming "is not and cannot be mistakenly, innocently or accidentally intercepted." Decl. of Joseph Gagliardi, ECF No. 33-2, ¶ 9. Plaintiff also submitted evidence that Defendant Carmelita Alcantara's establishment assessed a $7.00 cover charge per person, had between 51 and 92 patrons, displayed the Program on three televisions (two 32" and one 42"), and advertised the Program on the front door and several inside areas. Aff. of Darin Lagronio, private investigator, ECF No. 33-7, at 1. Plaintiff does not submit any evidence that Defendant Carmelita Alcantara is a repeat offender. Based on the evidence submitted, the Court does not agree with Plaintiff that an award of the maximum amount of enhanced damages is warranted. The Court finds that an enhanced damages award of $8,400, two times

11

the cost of the sublicense fee, is just compensation to Plaintiff for lost profits and to deter future infringement. See, e.g., J & J Sports Productions, Inc. v. Montes, No. 12-CV-02246-LHK, 2013 WL 245476, at *6 (N.D. Cal. Jan. 22, 2013 (awarding enhanced damages of $2,000 equal to the cost of the licensing fee); J & J Sports Productions, Inc. v. Nguyen, No. 12-CV-02262-LHK, 2012 WL 5412900, at *6 (N.D. Cal. Nov. 6, 2012) (awarding $4,400 in enhanced damages equal to two times the cost of the licensing fee). The Court RECOMMENDS that Plaintiff be awarded $8,400 in enhanced damages.

### 3. Attorney's Fees and Costs

Section 605(e)(3)(B)(iii) states that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests $2,300 in fees, $108.38 in taxes, and $441.34 in costs. ECF No. 33-1 at 24. Plaintiff's counsel submitted a declaration stating that he spent 11.50 hours working on this case against Defendant Carmelita Alcantara, excluding all time spent on Defendant Anacleto S. Alcantara Jr.'s Motion for Summary Judgment. Decl. of Dan S. Ikehara, ECF No. 33-9, ¶ 7. Counsel requests an hourly rate of $200, which the Court finds reasonable given counsel's 28 years of experience. Id. Counsel also states that costs of $441.96 were incurred in prosecuting this claim. Id. ¶ 7-8. The Court RECOMMENDS that

Plaintiff be awarded $2,850.34 in attorney's fees, taxes, and costs.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant Carmelita Alcantara be GRANTED IN PART AND DENIED IN PART as follows:

(1) Default judgment be entered in Plaintiff's favor and against Defendant Carmelita Alcantara;

(2) Plaintiff be awarded a total of $15,450.34, which includes $4,200.00 in statutory damages, $8,400.00 in enhanced damages, and $2,850.34 in attorney's fees, taxes, and costs under the Communications Act.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 13, 2014.

/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**J & J SPORTS PRODS., INC. V. ALCANTARA, ET AL., CIVIL NO. 13-00220 LEK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CARMELITA ALCANTARA**